UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT BALDWIN,<br><br>    Plaintiff(s),<br>  v.<br><br>VERONICA VERY, et al.,<br><br>    Defendant(s). | CASE NO. C23-1709-KKE<br><br>ORDER ON MISCELLANEOUS MOTIONS |

    This matter comes before the Court upon its transfer on April 16, 2024. The Court is aware that Plaintiff was ordered to show cause why this case should not be dismissed for his failure to submit a proper joint status report, and that Plaintiff did not respond by the deadline. *See* Dkt. No. 30. The Court is also aware, however, that Defendants have filed a motion to dismiss that is noted for April 26, 2024. *See* Dkt. No. 24.

    In the interest of resolving this case on its merits to the extent possible, the Court terminates Plaintiff's obligation to respond to the order to show cause. Although Plaintiff filed a document titled a motion to stay in response to Defendants' motion to dismiss, Plaintiff's motion does not request a stay or explain why a stay is necessary, nor does it respond to Defendants' motion to dismiss. *See* Dkt. No. 27. The clerk is directed to TERMINATE Plaintiff's motion to stay (Dkt. No. 27). The Court will allow Plaintiff a final opportunity to file a responsive brief in opposition to Defendants' motion to dismiss no later than April 22, 2024. If Plaintiff does not file a response

ORDER ON MISCELLANEOUS MOTIONS - 1

by that date, the Court will find that Defendants' motion to dismiss is unopposed and resolve it accordingly.

The Court also DENIES Plaintiff's motion to compel arbitration (Dkt. No. 21) because he has cited no agreement to arbitrate this dispute and no such agreement is evident in the contractual paperwork submitted in support of Defendants' motion to dismiss. *See* Dkt. No. 26-1 at 11–23. The Court therefore has no legal basis to compel arbitration of Plaintiff's claims.

Finally, the Court notes that Plaintiff filed a document along with his motion to stay (Dkt. No. 27-1 at 2) that contains personal data identifiers (financial accounting information) that must be redacted under the Local Rules of this district. *See* Local Rules W.D. Wash. LCR 5(2). Defendants filed a redacted version of that document (Dkt. No. 26-1 at 11–12), and thus the clerk is directed to maintain the unredacted version filed by Plaintiff (Dkt. No. 27-1) under seal.

Dated this 17th day of April, 2024.

Kymberly K. Evanson
United States District Judge